UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
In re:                                                                    Case No. 18-72000 (REG)

LACOS, INC.,                                                         Chapter 11
d/b/a BLACK & BLUE
                                                                              (Small Business)
                                      Debtor.
---------------------------------------------------------- X

## ORDER AUTHORIZING THE
## RETENTION OF SPECIAL COUNSEL TO THE DEBTOR

Upon the application (the "Application") of Lacos, Inc., d/b/a Black & Blue (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through their counsel, Macco & Stern, LLP, hereby submits this application (the "Application") seeking entry of an order authorizing the employment of Sobel Pevzner, LLC ("Special Counsel") to represent the Debtor in civil litigation arising from an insurance loss (ECf Dkt. No. 28); and the annexed declaration of Curtis Sobel, Esq. (the "Declaration"), dated May 31, 2018 (ECF Dkt. No. 30); and it appearing that it is necessary for the Debtor to retain such counsel; and it appearing that Special Counsel is a disinterested person pursuant to section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which Macco & Stern, LLP is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Sobel Pevzner, LLP, as special counsel for the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Declaration, is hereby approved pursuant to Bankruptcy Code §327(a), *nunc pro tunc*

to the Petition Date; and it is further

**ORDERED,** that any compensation to be paid to Special Counsel during the pendency of the Debtor's chapter 11 case shall be subject to the approval of this Court upon notice and a hearing pursuant to Bankruptcy Code §§330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Special Counsel; and it is further

**ORDERED,** that prior to any increases in Special Counsel's rates, Special Counsel shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code §330(a)(3)(F) and state whether the Debtors have consented to the rate increase; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code §330, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Declaration, the terms of this Order shall govern.

No Objection:

*s/ Alfred M. Dimino*

Office of the United States Trustee

|  |  |
|---|---|
| **Dated: Central Islip, New York**<br>**June 28, 2018** | _____<br>**Robert E. Grossman**<br>**United States Bankruptcy Judge** |